UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIAH LYNN WHYNOT,
by and through CARRIE SHURTLEFF
as Next Friend,

        Plaintiff,

      v.                                          CASE NO. 8:26-cv-1143-JLB-SPF

THE HONORABLE PAMELA
A.M. CAMPBELL, TERRI LEE
ST. HILAIRE, NICOLAS STEPHEN
ROBINSON, ESQ., ROBERT CHARLES
THOMPSON, JR., ESQ.,
JOSEPH MICHAEL MURPHY, ESQ.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2), and Plaintiff's Complaint (Doc. 1). The undersigned recommends that Plaintiff's motion be denied and her Complaint dismissed.

### I.    BACKGROUND

It appears from her Complaint that Plaintiff Mariah Lynn Whynot is a medically incapacitated adult. Carrie Shurtleff, Plaintiff's biological mother, proceeds *pro se* on her daughter's behalf, purporting to sue Defendants for civil rights violations under 42 U.S.C. § 1983 and for violating the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (Doc. 1). Defendants are the Honorable Pamela Campbell of Florida's Sixth Judicial Circuit in and for Pinellas County; Terri Lee St. Hilaire (whom Plaintiff alleges is illegally serving as her

guardian advocate in Florida); and others (Doc. 1).  Plaintiff claims that she has moved with her family to Tennessee, and she seeks a new guardian there.  Although titled a Complaint, Plaintiff refers to her pleading as a petition for writ of habeas corpus:  Plaintiff's "Petition for Writ of Habeas Corpus seeks to rectify the unlawful restraint on her liberty imposed by the Florida Purported Guardian Advocate's continued control, thereby ensuring her safety, well-being, and legal rights are upheld." (Doc. 1 at 9).

From what the Court can tell, Judge Campbell presided over Plaintiff's state court guardianship proceeding, yet Plaintiff now believes that Tennessee is the proper forum and federal court is the proper venue for her dispute (Doc. 1 at 11-12).  She states that she has permanently relocated to Tennessee.  In her Complaint, Plaintiff claims that Defendant St. Hilaire has breached her fiduciary duty as her guardian and has extorted, neglected, and abused her.  Plaintiff states that Judge Campbell violated her due process rights by failing "to hold a hearing and notify the next of kin as required by Fla. Stat. § 393.12." (*Id.* at 10).  She asserts that "[t]he Federal District Court for the Middle District of Tennessee has subject matter jurisdiction over this Petition for Writ of Habeas Corpus pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 1331." (*Id.*).  According to Plaintiff, Judge Campbell improperly removed and "banned" Plaintiff's previous legal guardian from acting on her behalf, "at the point that they had secured a settlement agreement on behalf of [Plaintiff], which would provide substantial money to assist [Plaintiff] for the rest of her life." (*Id.*).

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review

2

the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."); *Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where a district court determines, from the face of the complaint, that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

## III.    ANALYSIS

According to Plaintiff's *in forma pauperis* motion, she has no assets, and her monthly expenses exceed her income (Doc. 2).  While Plaintiff appears to be indigent, the undersigned nevertheless recommends Plaintiff's Complaint (Doc. 1) be dismissed because the Court lacks

subject matter jurisdiction over Plaintiff's claims. The Complaint also fails to comply with the Federal Rules of Civil Procedure, seeks monetary relief against Defendants who are immune, and fails to state a claim.

### A. Procedural Deficiencies

A plaintiff—even a *pro se* one—must abide by Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10 further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A shotgun pleading is a type of pleading that is not allowed, even from *pro se* plaintiffs. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Four basic types of shotgun pleadings violate Rules 8(a), 10(b), or both: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims

4

against them and the grounds upon which each claim rests." *Id*. at 1323.  Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (citation omitted).  Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." *Id*.

Plaintiff's 91-page Complaint (Doc. 1) begins with a table of contents, a table of authorities, and a summary. It includes a sprawling history of Plaintiff's experience with Florida's guardianship system and her disputes (or her mother's and grandmother's disputes) with Defendants, who include her court-appointed guardian, Judge Campbell, and counsel involved in her guardianship proceedings.  Although she purports to sue under § 1983 and the ADA, Plaintiff does not split her allegations into causes of action or even into numbered paragraphs.  Indeed, the nature of her pleading forces the Court to undertake the cumbersome task of sifting through the myriad and disparate facts to decide which are pertinent to which cause of action.  In other words, Plaintiff's Complaint is a quintessential shotgun pleading. *See Johnson v. Georgia,* 661 F. App'x 578, 581 (11th Cir. 2016) (holding that a complaint "composed of long, rambling paragraphs and conclusory statements unsupported by factual allegations" was a shotgun pleading); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (holding that a complaint "consist[ing] of a lengthy series of unnumbered paragraphs containing what amounts to a personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" was a "classic" shotgun pleading) (alteration added).

That Plaintiff is proceeding *pro se* does not excuse her failure to comply with Rule 8 and 10's basic pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted). Plaintiff's Complaint leaves the reader "guess[ing] at precisely what [she is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).[1]

Plaintiff sues a disparate collection of private individuals and public officials without alleging the elements of any cause of action and without tying a cause of action to the facts, which are largely conclusory, vague, and immaterial anyway. Although Plaintiff argues she was mistreated in Florida state court and details many of the wrongs she believes she suffered at Defendants' hands, her Complaint is neither short nor plain. Consequently, Defendants lack adequate notice of the claims against them and the grounds for each claim. *Yeyille v. Miami Dade Cnty Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). The Court may dismiss Plaintiff's Complaint on this basis alone. *Jackson v. Bank of Am., N.A.*, 898 F.3d at 1356-57.

---

[1] Plaintiff purports to sue under § 1983 and to assert ADA claims. But the pleading issues highlighted here render the Court unable to reach substantive findings on whether Plaintiff's Complaint states a cause of action. *See GJR Investments, Inc. v. City of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (A court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

### B. Subject Matter Jurisdiction

The procedural posture of the state court guardianship proceeding is not crystal clear from Plaintiff's Complaint, but it appears the state court has denied Plaintiff's appeal. It also appears that Plaintiff's claims fall within the probate exception to federal jurisdiction. In *Marshall v. Marshall*, 547 U.S. 293 (2006), the Supreme Court explained that while federal courts may have jurisdiction over suits to determine the rights of creditors, heirs, or other claimants against a decedent's estate, such jurisdiction exists only "so long as the federal court does not interfere with the probate proceedings." *Id.* at 311. The Court held that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12.

In *Sarhan v. Rothenberg*, the court found that the probate exception precluded cases like this one in which a plaintiff seeks federal review of state court proceedings to administer the estate of an incompetent person. *Sarhan v. Rothenberg*, No. 07-22818-civ-LENARD, 2008 WL 2474645, at *3 (S.D. Fla. June 17, 2008). Relying on Judge Posner's decision in *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007), the *Sarhan* court found that a person deemed incompetent by the state and his or her property are within the state court's control and therefore beyond the reach of federal court jurisdiction. *Sarhan*, 2008 WL 2474645, at *3. As Judge Posner explained:

> Typical adversary proceedings involving domestic relations or probate, such as child-custody proceedings and proceedings to resolve disputes over the administration of a decedent's estate (or as in this case and in *Jones* the estate of a living person who is incompetent to manage his affairs), are, like the nonadversary probate and domestic relations proceedings, still *in rem* in character. That is, they are fights over a property or a person in the court's control. And a court other than the one that controls the *res*—the subject of the custody battle or the property in the decedent's estate—should not be permitted

> to elbow its way into such a fight.  As the Supreme Court explained in *Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (citations omitted), "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*.  Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."

*Struck*, 508 F.3d at 859-60.

Likewise, Plaintiff asks this Court to assume *in rem* jurisdiction over her and her guardianship estate.  This *res* is already subject to the jurisdiction of Florida state courts; the probate exception to federal court jurisdiction preludes this Court from assuming jurisdiction over Plaintiff's person or her property.

Also unclear is whether this Court has subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *Rooker-Feldman* prohibits a district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and is "seeking review and rejection of that judgment" in a lower federal court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*).  *Rooker-Feldman* applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment.  *Coreno v. One W. Bank FSB*, 617 Fed. App'x. 928, 929-30 (11th Cir. 2015).  A claim filed in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues."  *Id*.

In essence, Plaintiff asks this Court to nullify state court orders establishing a guardianship and appointing Defendant St. Hilaire as Plaintiff's Guardian Advocate.  As

8

such, Plaintiff's claims that Defendants violated her constitutional and ADA rights in state court are "inextricably intertwined" with state court orders, at least as Plaintiff describes them. *See Fishman v. Mass. Probate and Family Court*, Civ. Action No. 23-12459-WGY, 2023 WL 7284868, at *2 (D. Mass. Nov. 3, 2023) (relying on *Rooker-Feldman* doctrine and dismissing *pro se* plaintiff's ADA action alleging that state court failed to accommodate her PTSD and issued rulings that terminated her custodial rights for her minor son).

And if the *Rooker-Feldman* doctrine is inapplicable because Plaintiff filed this federal action during the pendency of state court proceedings, Plaintiff's Complaint is subject to dismissal under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *See Nicholson v. Shafe*, 558 F.3d 1266, 1278-79 (11th Cir. 2009) (finding the *Rooker-Feldman* doctrine inapplicable if the state proceedings remain ongoing when the federal action is filed). "The *Younger* doctrine bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. State of Fla.*, 185 Fed. App'x 816, 816-17 (11th Cir. 2006) (*per curiam*) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the state court proceedings have not concluded, this Court's review or modification of state court orders would clearly interfere with them. The State of Florida has an interest in presiding over its own cases, and there is an adequate opportunity in state court for Plaintiff to raise her ADA and constitutional challenges.

9

### C. Standing

Plaintiff's Complaint is susceptible to other defenses, too. It does not appear that Plaintiff's mother has standing to assert the claims on behalf of Plaintiff. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff's mother is not Plaintiff's level guardian. "It would seem to follow that [Plaintiff's mother] does not have standing to assert level rights on [Plaintiff's] behalf." *Sarhan*, 2008 WL 2474645, at *5 ("Under these provisions, there is a serious question whether Dr. Sarhan can pursue the relief he seeks to the extent he does so on behalf of his mother, where he alleges that a state court has already appointed someone else to act as his mother's legal guardian.").

### D. Eleventh Amendment and Judicial Immunity

Even assuming the Court has subject matter jurisdiction over this action, to the extent Plaintiff seeks monetary damages in the Complaint, these claims against Judge Campbell, a sitting state court judge, in her official judicial capacity are barred by the Eleventh Amendment. "Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." *Uberoi v. Supreme Court of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016). The Eleventh Amendment also "prohibits suits against state officials where the state is, in fact, the real party in interest." *Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). "Suits against state officials in their official capacity are essentially actions against the state." *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018). Florida Circuit Judges are "arms of the state for Eleventh Amendment purposes." *Badillo v. Thorpe*, 158 F. App'x 208, 213 (11th Cir. 2005).

10

The Eleventh Amendment bars Plaintiff's claims for damages against Judge Campbell, a Florida Circuit Court Judge.

Additionally, judges are entitled to absolute judicial immunity for judicial acts performed within the jurisdiction of their courts. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The law is clear that judicial immunity applies when "(1) 'the judge deal[t] with the plaintiff in his judicial capacity' and (2) the judge did not act 'in the clear absence of all jurisdiction.'" *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (quoting *Dykes v. Hosemann,* 776 F.2d 942, 945 (11th Cir. 1985) (en banc)). "The immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority ....'" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356-57). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.... This immunity applies even when the judge is accused of acting maliciously and corruptly...." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Plaintiff's Complaint lacks any specific allegation that Judge Campbell acted outside the function of her judicial office; she is afforded absolute judicial immunity from this lawsuit.

### E.  Habeas Relief

Plaintiff's mother refers to her pleading as a writ of habeas corpus, filed on behalf of her daughter. The objective of a writ of habeas corpus is to ascertain whether a prisoner can lawfully be detained in custody. "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Munaf v. Geren*, 553 U.S. 674, 686 (2008) (citation omitted). Neither Plaintiff nor her mother is

11

alleged to be a federal prisoner, in federal or state custody, or illegally detained in immigration custody.  Federal habeas relief is not available to remedy or challenge state court judgments involving parental relationships, termination of parental relationships, or, as in this case, guardianship proceedings."  *Sarhan*, 2008 WL 2474645, at *6.

### F.  Proceeding *Pro Se*

Plaintiff's mother seeks to proceed *pro se* to assert claims on behalf of her daughter, Plaintiff.  She cannot.  The law of this circuit prohibits non-attorneys from proceeding *pro se* in an action brought on behalf of another.  *See Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997) ("[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf—because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."); *Conner v. Pennsylvania Nat. Mut. Cas.*, No. 07-14301-civ, 2008 WL 2944662, at *1 (S.D. Fla. July 31, 2008) ("Plaintiff's lack of legal ability will hinder his ability to litigate this cause of action and the determination of whether any agreements exist will directly affect [the incapacitated person] as the real party in interest."); *Sarhan*, 2008 WL 2474645, at *5, n.1.  "[A]llowing a non-attorney guardian to bring a suit for the benefit of the ward invites abuse and potential for erosion of an incompetent person's rights."  *Conner*, 2008 WL 2944662, at *1.  Plaintiff's mother is not an attorney and therefore cannot represent her daughter's interests without the assistance of counsel.  The undersigned does not recommend dismissal on this basis, as this deficiency may be cured.

### IV.   CONCLUSION

The undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.  Although *pro se* parties are often entitled to the opportunity to amend their

complaints before dismissal, Plaintiff's claims do not appear amendable. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted).

The Court **RECOMMENDS:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be denied.

2. Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on April 28, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.